**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**BRADEN P. ROBINSON**                                                **CIVIL ACTION**

**VERSUS**                                                            **NO. 10-695**

**LYNN W. ASHLEY**                                                    **SECTION "B"(1)**

<u>**ORDER AND REASONS**</u>

Before the Court is Defendant's Motion to Dismiss Pursuant to FRCP 12(c) or Alternatively, for Summary Judgment Pursuant to FRCP 56 (Rec. Doc. No. 11), Plaintiff's opposition thereto (Rec. Doc. No. 21), Defendant's Reply (Rec. Doc. No. 24), and Defendant's Supplemental Memorandum (Rec. Doc. No. 39). For the following reasons, **IT IS ORDERED** that Defendant's motion is **GRANTED.**

This matter arises out of Plaintiff's denied application for financial assistance in the City of New Orleans Office of Recovery and Development Administration's ("ORDA") Disabled and Elderly Owner Occupied Rehabilitation Program ("the Program"). Rec. Doc. No. 11-1, at 1; Rec. Doc. No. 21, at 1-2. The purpose of the Program was to "assist elderly and disabled homeowners in New Orleans to repair their properties to meet the City's Housing Standards Code, HUD's Housing Quality Standards Code and Lead-Based Paint regulations." Rec. Doc. No. 1, at 3. 300 applicants, including Plaintiff, were selected in a lottery to apply for the Program. Rec. Doc. No. 21, at 2. Plaintiff maintains that he was the only Caucasian lottery selectee. *Id.* After submitting his

1

application and necessary documents pursuant to the terms and conditions of the Program, Defendant informed Plaintiff by letter that his application was denied because Plaintiff's annual income exceeded the Program's limits. *Id.*; Rec. Doc. No. 11-1, at 2. At Plaintiff's request based on Defendant's failure to deduct Plaintiff's mortgage-interest payments, Defendant recalculated Plaintiff's annual income, but again determined that Plaintiff's income was over the limit and sent Plaintiff a letter notifying him that he was still ineligible for the Program. Rec. Doc. No. 21, at 2. Plaintiff claims that Defendant corrected the previous error in his recalculation, but this time used a miscalculated asset-income figure, which if properly calculated would not have rendered Plaintiff ineligible for the Program; however, Plaintiff asserts that he was not given an opportunity to challenge Defendant's recalculation. *Id.*

Plaintiff filed his Complaint on February 26, 2010, alleging violations of his constitutional rights to equal protection, due process and substantive due process pursuant to 42 U.S.C. § 1983, discrimination in the making of contracts under 42 U.S.C. § 1981, and violations of HUD regulations prohibiting discrimination in federally funded programs.[1] Rec. Doc. No. 21, at 3; Rec. Doc. No. 1. Specifically, Plaintiff claims that Defendant deliberately

---

[1]Plaintiff also included a claim against Defendant for discrimination in a federally funded program under 42 U.S.C. § 2000d, but has since voluntarily withdrawn this claim. Rec. Doc. No. 21, at 18.

2

miscalculated Plaintiff's annual income to deny Plaintiff's application and exclude Plaintiff from the benefits of the Program based on Plaintiff's race. Rec. Doc. No. 1. Plaintiff additionally contends that Defendant's decision to deny Plaintiff's application was arbitrary and capricious and that no procedure was available for Plaintiff to challenge the second denial of his eligibility for the Program. *Id.*

Defendant first argues that he is entitled to qualified immunity, as Plaintiff has failed to establish a deprivation of a constitutional right, and alternatively, the contours of the right allegedly violated were not so clearly established at the time as to put Defendant on notice that his actions were unlawful. Rec. Doc. No. 11-1, at 7. Defendant also claims that Plaintiff has failed to allege a prima facie case of discrimination under 42 U.S.C. §§ 1981 and 1983, as Plaintiff is not a member of a racial minority and was not qualified for the Program based on his income. *Id.* at 8-12. Further, Defendant asserts that Plaintiff's 42 U.S.C. § 1981 claim fails to state a claim upon which relief can be granted, as that statute protects racial discrimination in contract and labor scenarios, which is not alleged here. *Id.* at 12-13.

Additionally, Defendant recently filed a supplemental memorandum alleging that Plaintiff lacks standing to maintain his claims, as he did not own the property for which he applied to receive funds from the Program. Rec. Doc. No. 39, at 1-6.

Defendant therefore asserts that Plaintiff never qualified for the Program and thus cannot establish that he suffered an injury in fact, that any causal connection exists between his alleged injury and Defendant's conduct, or that a judgment in favor of Plaintiff's claims against Defendant would likely redress any purported injury suffered. *Id.*

Plaintiff argues that Defendant's motion for judgment on the pleadings is improper, as Defendant's attachment of and reference to documents and allegations of fact outside of the pleadings converts the motion to a motion for summary judgment. Rec. Doc. No. 21, at 3-4. Plaintiff further contends that certain exhibits and factual allegations provided by Defendant are inadmissible in support of Defendant's motion for summary judgment, as such are not supported by affidavit or otherwise authenticated. *Id.* at 4-6. Additionally, Plaintiff requests the opportunity to complete discovery before this Court rules on the instant motion, as Defendant has not responded to certain requests which seek relevant information regarding Plaintiff's claims.[2] *Id.* at 6-8.

Plaintiff further argues that Defendant is not entitled to qualified immunity, as Plaintiff alleges that Defendant violated Plaintiff's right to equal protection, due process, and substantive due process, all of which are clearly established constitutional

---

[2]Plaintiff filed a Motion to Compel Discovery Responses (Rec. Doc. No. 15), which the Magistrate Judge granted in part and denied in part on March 29, 2011, however Plaintiff has not submitted any supplemental memorandum in opposition to the instant motion based on such order or responses.

rights and were so at the time of the alleged violation. *Id.* at 8-9.  Plaintiff maintains that he has a viable claim under 42 U.S.C. § 1983, as a claim for racial discrimination under that statute is available to Caucasians as well as members of racial minorities, and Plaintiff has met all of the prerequisites for qualification for the Program. *Id.* at 9-10.  Plaintiff urges that genuine issues of material fact exist regarding both the Program's income limits and the calculation of Plaintiff's annual income. *Id.* at 10-16. Plaintiff also contends that he has a viable claim under 42 U.S.C. § 1981, since that statute also prohibits discrimination against Caucasians as well as minorities, and offers relief when racial discrimination blocks the formation of a contractual relationship, which Plaintiff alleges occurred here. *Id.* at 16-18.

At the outset, Defendant has properly filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(c), *or alternatively*, for Summary Judgment.  Additionally, the exhibits offered by Defendant in support of his motion are admissible and may be considered by the Court, as such are either self-authenticating business records kept in the course of regularly conducted business activity and/or have been further authenticated by a sworn affidavit provided by Defendant and submitted with Defendant's reply memorandum. *See* Rec. Doc. No. 24-1.  Moreover, Plaintiff has had sufficient time to complete discovery and obtain the facts sought from Defendant.  As stated above, Plaintiff filed

a Motion to Compel Discovery Responses from Defendant (Rec. Doc. No. 15), which was granted in part and denied in part on March 29, 2011. *See* Rec. Doc. No. 30. The deadline for completion of discovery has also passed. *See* Rec. Doc. No. 8. Accordingly, Defendant's motion is properly before the Court at this time.

As standing is a jurisdictional matter, Defendant's contention that Plaintiff lacks standing to bring the instant action must first be addressed. Under Article III of the United States Constitution, federal courts are granted jurisdiction over claims between plaintiffs and defendants only if they present actual "cases" or "controversies." *Henderson v. Stalder*, 287 F.3d 374, 378 (5th Cir. 2002); *see* U.S. Const. art. III, § 2, cl. 1. "Of the doctrines that have evolved under Article III ... the requirement that the litigant have standing is perhaps the most important." *Henderson*, 287 F.3d at 378 (citing *Allen v. Wright*, 468 U.S. 737, 750 (1984)).

> Standing, at its "irreducible constitutional minimum," requires a plaintiff "to demonstrate: they have suffered an 'injury in fact'; the injury is 'fairly traceable' to the defendant's actions; and the injury will 'likely...be redressed by a favorable decision.'" *Public Citizen, Inc. v. Bomer*, 274 F.3d 212, 217 (5th Cir. 2001) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61, 112 S.Ct. 2130, 2136 119 L.Ed.2d 351 (1992)). "[A]n injury in fact [is] an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Lujan*, 504 U.S. at 560, 112 S.Ct. at 2136.

*Henderson,* 287 F.3d at 378. "If any one of these elements - injury, causation, or redressability - is absent, plaintiffs have

6

no standing in federal court under Article III to assert their claims." *Doe v. School Bd. of Ouachita Parish*, 274 F.3d 289, 292 (5th Cir. 2001).

Defendant argues that Plaintiff cannot prove that he suffered an injury in fact because a precondition for application to the City of New Orleans Office of Recovery Development Administration's Disabled and Elderly <u>Owner</u> Occupied Rehabilitation Program is that the applicant actually own the property at the time of the application, which Plaintiff undisputedly did not. Rec. Doc. No. 39, at 3. Indeed, Plaintiff acknowledged in his deposition testimony that an applicant had to show proof of ownership to qualify for the Program, and that as of January 28, 2009, nearly three months before Plaintiff's application was made in April 2009, his wife, Michelle Robinson, was the sole owner of the property at issue, pursuant to a Judgment granting the Robinson's Petition to Terminate Legal Matrimonial Regime and enter into in a Separation of Property Agreement. *See* Rec. Doc. No. 39-3, Exhibit 3; Rec. Doc. No. 39-4, Exhibit 4. Plaintiff's wife additionally admits that she was the sole owner of the property as of January 28, 2009 and that Plaintiff was not a co-owner of the property. *See* Rec. Doc. No. 39-5, Exhibit 5. Therefore, Plaintiff was clearly ineligible for the Program at the time of his application and thus cannot show the requisite personal injury or invasion of a legally protected interest to maintain his claims. *See Victorian v.*

*Miller*, 796 F.2d 94, 96, n.2 (5th Cir. 1986) (directing district court to determine on remand "whether appellants were actually eligible for expedite[d] food stamps at the time of application [as] [o]therwise, appellants have not suffered the requisite '*personal* injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief.'" (quoting *Allen v. Wright*, *supra*, 468 U.S. at 751, (emphasis added)).

Accordingly, we find that Plaintiff lacks standing to bring the instant lawsuit, and Defendant's motion is hereby **GRANTED.**[3]

New Orleans, Louisiana, this 7th day of June, 2011.

_____
United States District Judge

---

[3] While we need not reach this issue, it also appears that Defendant is entitled to qualified immunity on the civil rights claims as well. Defendant's decision to deny Plaintiff's application was made after four separate calculations of Plaintiff's income pursuant to the Technical Guide for Determining Income and Allowances for the HOME Program, and Plaintiff's income exceeded the Program's income limit each time.  *See* Rec. Doc. Nos. 11-6, 11-7, Exhibits 3 and 4.  It appears that Defendant was therefore acting in good faith at the time the decisions at issue were made, and Plaintiff fails to present facts rebutting such good faith evidence.