```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF LOUISIANA
```

**BRADEN P. ROBINSON**                                **CIVIL ACTION**

**VERSUS**                                            **NUMBER: 10-695**

**LYNN W. ASHLEY**                                    **SECTION: "B"(1)**

## ORDER AND REASONS

Before the Court is Plaintiff's Motion for New Trial,(Rec. Doc. No. 46), opposed by Defendant at Rec. Doc. No. 48. For the following reasons, it is ordered that said motion is **DENIED.**

### Factual and Procedural History

This matter originates from Plaintiff's denied application for financial assistance in the City of New Orleans Office of Recovery and Development Administration's ("ORDA") Disabled and Elderly Owner Occupied Rehabilitation Program ("the Program"). Rec. Doc. No. 11-1, at 1; Rec. Doc. No. 21, at 1-2; Rec. Doc. No. 40, at 1. Under the Program, elderly and disabled homeowners in New Orleans are provided with assistance in repairing their homes. Rec. Doc. No. 1, at 3; Rec. Doc. No. 40, at 1.

Plaintiff was one of 300 applicants selected in a lottery to apply for the Program. Rec. Doc. No. 21, at 2. Plaintiff submitted an application and requisite documents pursuant to the terms and conditions of the Program. Rec. Doc. No. 40, at 1-2. After attending a meeting of lottery selectees for the Program, Plaintiff maintains that he was the only Caucasian lottery selectee

present.  Rec. Doc. No. 1, at 5; Rec. Doc. No. 40, at 1.

Upon review, Defendant denied Plaintiff's application because Plaintiff's annual income exceeded the Program's limits.  Rec. Doc. No. 40, at 8 n.3; *See* Rec. Doc. Nos. 11-6, 11-7, Exhibits 3 and 4. Plaintiff alleged that Defendant purposefully miscalculated Plaintiff's annual income in order to deny Plaintiff's application and exclude Plaintiff from the Program based on Plaintiff's race. Rec. Doc. No. 1; Rec. Doc. No. 40, at 2-3.  Plaintiff filed his Complaint on February 26, 2010, alleging violations of his constitutional rights to equal protection, due process and substantive due process pursuant to 42 U.S.C. § 1983, discrimination in the making of contracts under 42 U.S.C. § 1981, and violations of HUD regulations prohibiting discrimination in federally funded programs.  Rec. Doc. No. 21, at 3; Rec. Doc. No. 1; Rec. Doc. No. 40, at 2.

On February 8, 2011, Defendant filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(c), *or alternatively*, for Summary Judgment.  Rec. Doc. No. 11, at 1. Thereafter, on May 31, 2011, Defendant filed a Motion for Leave to File a Supplemental Memorandum in Support of his Motion to Dismiss ("Supplemental Memorandum").  Rec. Doc. No. 35.  In response, Plaintiff filed a Memorandum in Opposition to the Motion for Leave. Rec. Doc. No. 36.  On June 3, 2011, this Court granted Defendant's Motion for Leave to File a Supplemental Memorandum. Rec. Doc. No.

38. As a result, on that same date, Defendant filed a supplemental memorandum alleging that Plaintiff lacked standing to maintain his claims.  Rec. Doc. No. 39, at 1-6.  Specifically, Defendant contended that Plaintiff could not establish that he suffered an injury by not receiving funds from the Program because Plaintiff did not own the property at issue.  *Id.*  Rather, Plaintiff's wife, Michelle Robinson, was the sole owner of the property, pursuant to a Judgment granting the Robinson's Petition to Terminate Legal Matrimonial Regime and enter into in a Separation of Property Agreement.  *See* Rec. Doc. No. 39-3, Exhibit 3; Rec. Doc. No. 39-4, Exhibit 4; Rec. Doc. No. 40, at 7.

On June 7, 2011 this Court issued its Order and Reasons, granting Defendant's Motion to Dismiss Case, or Alternatively for Summary Judgment.  Rec. Doc. Nos. 11, 40; Rec. Doc. No. 41. Specifically, this Court found that because Plaintiff was not a homeowner, Plaintiff was ineligible for the Program at the time of his application, and therefore, Plaintiff could not prove the requisite personal injury or invasion of a legally protected interest to maintain his claims.  Rec. Doc. No. 40, at 7.  On June 9, 2011, this court entered a Final Judgment, dismissing plaintiff's claims with prejudice.

On July 7, 2011, Plaintiff submitted a Motion for New Trial and a Memorandum in support thereof. Rec. Doc. Nos. 46, 46-2.  On July 25, 2011, Defendant filed a Memorandum in Opposition to

Plaintiff's Motion for New Trial.  Rec. Doc. No. 48.  Lastly, on July 27, 2011, in response, Plaintiff filed a Reply Memorandum in Support of Plaintiff's Motion for New Trial.  Rec. Doc. No. 49-1.

To begin with, Plaintiff asserts that there is no procedural impediment with regard to granting Plaintiff's Motion for New Trial pursuant to Federal Rule of Civil Procedure 59(a)(1)(B). Rec. Doc. No. 2.  Plaintiff contends that a new trial is in order because this Court's ruling was erroneous in that it was rendered without affording Plaintiff a reasonable opportunity to respond to Defendant's Supplemental Memorandum.  Rec. Doc. No. 46-2, at 2. Plaintiff further contends that if Plaintiff had an opportunity to respond to Defendant's Supplemental Memorandum, Plaintiff would have shown that Defendant's standing argument is without merit or, alternatively, raised genuine issues of material fact sufficient to preclude summary judgment.  *Id*.

Specifically, Plaintiff argues that the lack of a formal system (*e.g.* rules, guidelines, regulations, or policy) for determining an applicant's eligibility for the Program creates a genuine issue of material fact. *Id.* at 3.  Additionally, Plaintiff argues that the Program funds and any potential recovery granted from this Court would be deemed community property, and as a result, Plaintiff has a legal right to pursue this claim on behalf of the community property regime between him and his wife.  *Id.* at 5; Rec. Doc. No. 49-1, at 3.

Defendant contends that Plaintiff's Motion for a New Trial, pursuant to Federal Rule of Civil Procedure 59(a), is inapplicable to the case at bar. Rec. Doc. No. 48, at 1. Moreover, Defendant asserts that a motion for new trial is only warranted after a verdict has been rendered in a non-jury trial. *Id* (explaining that "[p]laintiff erroneously seeks a new trial where a verdict was never rendered.").

In the alternative, Defendant argues that Plaintiff's argument would fail even if Plaintiff intended to file a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e). *Id*. at 2. Specifically, Defendant maintains that Plaintiff fails to meet the standard set forth under Rule 59(e), because Plaintiff neither points out clear error of fact or law nor presents newly discovered evidence. Id. at 3-4.

Defendant further argues that Plaintiff's Motion for New Trial should be denied because this Court ruled that Plaintiff's claim lacked standing. *Id*. at 5; Rec. Doc. No 40. More specifically, Defendant reasserts the proposition that Plaintiff was never a homeowner, and therefore, is not entitled to the benefits of the Program. *Id*. at 5; Rec. Doc. No. 40, at 7.

Lastly, Defendant asserts that even if Plaintiff had standing, this Court found that Defendant would be entitled to qualified immunity because the Defendant acted in good faith in calculating the Plaintiff's income on four separate occasions. *Id*. at 6-7.;

Rec. Doc. No. 40, at 8 n.3.

**Law and Analysis**

    A.   Motion for New Trial

When a case is decided dispositively without a trial in the district court, subsequent relief, even if entitled to a motion for new trial, is more properly construed as a request for reconsideration. *St. Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F.3d 336, 338 (5th Cir. 1997); *see also Thomas v. Great Atlantic and Pacific Tea Co.*, Inc., 233 F.3d 326, 327 n.1 (5th Cir. 2000) (noting that the district court correctly treated the motion for reconsideration of entry of summary judgment as a motion to alter or amend under Fed. R. Civ. P. 59(e)); *Patin v. Allied Signal Ins.*, 77 F.3d 782, 785 n.1 (5th Cir. 1990) (motion to reconsider entry of summary judgment is properly styled as a Rule 59(e) Motion); and *Hamilton Plaintiffs v. Williams Plaintiffs*, 147 F.3d 367, 371 n.10 (5th Cir. 1998) ("The Federal Rules of Civil Procedure do not provide for a 'Motion for Reconsideration' but such motions may properly be considered either a Rule 59(e) motion to alter or amend judgment or a Rule 60(b) motion for relief from judgment.").

Depending on the timing of the motion, the Fifth Circuit treats a motion for reconsideration as either a motion to alter or amend under Federal Rule of Civil Procedure 59(e) or a motion for relief from judgment under Federal Rule of Civil Procedure 60(b). *United States v. Turner*, 2011 U.S. Dist. LEXIS 76735 (E.D. La.

7/15/11)(citing *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990), abrogated on other grounds by *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1076 (5th Cir. 1994)). If the motion is filed within twenty-eight days of the judgment, then the motion constitutes a motion to alter or amend under Rule 59(e). *Id.*; Fed. R. Civ. P. 59(e). However, a motion filed more than twenty-eight days after the judgment, but not more than one year after the entry of judgment, is governed by Rule 60(b). *Id.*; Fed. R. Civ. P. 60(c).

In the present case, Plaintiff's Motion for New Trial, Rec. Doc. No. 46, was filed on July 7, 2011, which is within twenty-eight days from the June 9, 2011 judgment dismissing Plaintiff's lawsuit. Rec. Doc. No. 41. Accordingly, Plaintiff's Motion for New Trial, Rec. Doc. No. 46, is properly construed as a motion to alter or amend under Rule 59(e).

B. Altering or Amending a Judgment under Rule 59(e)

Altering or amending a judgment pursuant to Rule 59(e) is an "extraordinary remedy" used "sparingly" by the courts. *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). A motion to alter or amend pertains to the correctness of a judgment and is invoked only in narrow situations. *Id.* Further, "such a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before entry of judgment." *Id.* at 478-79. Nor should a motion to alter or amend

be used to "re-litigate prior matters that ... simply have been resolved to the movant's dissatisfaction." *United States v. Turner*, 2011 U.S. Dist. LEXIS 76735, at 4 (2011); (citing *Voisin v. Tetra Technologies, Inc.*, 2010 U.S. Dist. LEXIS 106966, 2010 WL 3943522, at 2 (E.D. La. Oct. 6, 2010).).

In order to prevail on a motion under Rule 59(e), the movant must clearly establish at least one of the following factors: (1) an intervening change in the controlling law, (2) the availability of new evidence not previously available, or (3) a manifest error in law or fact. *United States v. Turner*, 2011 U.S. Dist. LEXIS 76735, at 4 (2011); (citing *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003); *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005)).

In this case, Plaintiff does not rely on an intervening change in controlling law since this Court's June 9, 2011 judgment dismissing Plaintiff's lawsuit, nor has he pointed to any newly discovered evidence previously unavailable. Rec. Doc. No. 41. Therefore, in order to grant a motion to alter or amend under Rule 59(e), this Court must determine whether Plaintiff has established a manifest error in law or fact.

C. <u>Manifest Error in Law or Fact</u>

Manifest error is defined as one that "'is plain and indisputable, and that amounts to a complete disregard of the controlling law[.]'" *Pechon v. La. Dep't of Health & Hosp.*, 2009

U.S. Dist. LEXIS 65376, 2009 WL 2046766, at 4 (E.D. La. 7/14/2009).[1]

In the case at bar, Plaintiff has not established a manifest error of law or fact. Plaintiff's procedural contention is that this Court's ruling "based on defendant's untimely memorandum without providing plaintiff any opportunity to respond to a new defense was substantially erroneous enough to warrant a new trial...." Rec. Doc. No. 46-2, at 2. Moreover, Plaintiff asserts that he was deprived of a right to be heard on the new issues raised in Defendant's Supplemental Memorandum, Rec. Doc. No. 39; Rec. Doc. No. 49-1.

Plaintiff had ample opportunity to oppose the Defendant's Supplemental Memorandum. Plaintiff could have opposed the Supplemental Memorandum by seeking more time to respond from this Court or by including substantive arguments in Plaintiff's Opposition to the Defendant's Motion for Leave.

The Fifth Circuit has not "comprehensively identified all the circumstances under which a district court may rely on arguments and evidence presented for the first time in a reply brief, ...[but has] stated that 'Rule 56(c) merely requires the court to give the non-movant an adequate opportunity to respond prior to a ruling.'" *Vais Arms, Inc. v. Vais*, 383 F.3d 287, 292 (5th Cir. 2004) (citing

---

[1] Manifest error has also been described as an error, "'[e]vident to the senses, especially to the sight, obvious to the understanding, evident to the mind, not obscure or hidden, and is synonymous with open, clear, visible, unmistakable, indubitable, indisputable, evidence, and self-evidence.'" *In Re Energy Partners, Ltd.*, 2009 Bankr. LEXIS 2952, 2009 WL 2970393, at 6 (Bankr. S.D. Tex. 9/15/2009).

*Southwestern Bell Tel. Co. V. City of El Paso*, 346 F.3d 541, 545 (5th Cir. 2003)).

Here, the Plaintiff was aware of the substantive arguments included in Defendant's Supplemental Memorandum as of May 31, 2011, when the Defendant filed a Motion for Leave to File the Supplemental Memorandum.  Further, after the Defendant's Supplemental Memorandum was filed on June 3, 2011, Rec. Doc. No. 39., Plaintiff could have asserted a motion for leave to obtain additional time.  Notably, in Plaintiff's Memorandum in Opposition to Defendant's Motion for Leave to File Supplemental Memorandum, Rec. Doc. No. 36, Plaintiff only asserted procedural arguments with regard to the timeliness of Defendant's Motion for Leave to File. Rec. Doc. No. 36; Rec. Doc. No. 49-1, at 2.  Nonetheless, Plaintiff's substantive arguments in its Motion for New Trial, Rec. Doc. No. 46, are without merit for the following reasons.

In Plaintiff's Motion for New Trial, Plaintiff asserts that without additional documentation from Defendant regarding the guidelines, regulations, or rules that govern the Program it is impossible for this Court to determine what the Program required on a summary judgment motion.  Rec. Doc. No. 46-2.

However, this Court has already addressed the issue of whether the Program requires that the applicant actually *own* the property at the time of the application in its Order and Reasons. Rec. Doc. No. 40, at 7.  Within that ruling, Rec. Doc. No. 40, this Court

determined that the City of New Orleans Office of Recovery and Development Administration's Disabled and Elderly <u>Owner</u> Occupied Rehabilitation Program requires that the applicant own the property at issue. Rec. Doc. No. 40, at 7. This Court also determined that "Plaintiff has had sufficient time to complete discovery and obtain the facts sought from Defendant." Rec. Doc. No. 40, at 5. In sum, Plaintiff is attempting to rehash the same issues and arguments addressed in this Court's Order and Reasons. Rec. Doc. No. 40, at 5 and 7. The Fifth Circuit has noted that a motion to alter or amend should not be used to "re-litigate prior matters that ... simply have been resolved to the movant's dissatisfaction." *Templet*, 367 F.3d at 478-79.

Further, the funds from the Program are generated by and for Disabled and Elderly homeowners; hence the name Disabled and Elderly Owner Occupied Rehabilitation Program.[2] Rec. Doc. No. 40, at 1. The purpose of the Program is to offer a deferred forgivable loan to elderly and disabled homeowners in New Orleans to repair their properties to meet the City's Housing Standards Code, HUD's Housing

---

[2] Notably, in the Housing Rehabilitation Program Application for financial assistance the signature lines are prefaced with the word "Owner." Rec. Doc. No. 46-3, Exhibit A, at 3, 5, 9, 10, 11. Although the Plaintiff's application was declined because Plaintiff's income exceeded the program limits, within the application there is a query which states, "SPOUSE/CO-APPLICANT (Please circle)" indicating a distinction between a spouse and co-applicant. Rec. Doc. No. 46-3, Exhibit A, at 4. The application also contains a query that asks, "ARE THERE CO-OWNERS TO THE PROPERTY?" Rec. Doc. No. 46-3, Exhibit A, at 6. Further, in the application under the section entitled "<u>CERTIFICATION</u>" the first sentence requires the applicants to certify that "I/we are the owner(s) **and** occupant(s) of the above named property...." Rec. Doc. No. 46-3, Exhibit A, at 9 (emphasis added).

Quality Standards Code and Lead-Based Paint regulations. Rec. Doc. No. 1, at 3. Thus, it would be inconsistent with the purpose of the Program to appropriate funds to non-homeowners.

In this Court's previous Order and Reasons, Rec. Doc. No. 40, we found that Plaintiff was "clearly ineligible for the Program at the time of his application and thus cannot show the requisite personal injury or invasion of a legally protected interest to maintain his claim." Rec. Doc. No. 40, at 7. Indeed, because Plaintiff was not a homeowner,[3] Plaintiff was not entitled to funds under the Program, and therefore, Plaintiff did not suffer injury caused by Defendant's allegedly unlawful conduct.

Next, Plaintiff asserts that the undistributed funds from the Program, and any recovery from this lawsuit, are community property, irrespective of the status of the home at 8417 Panola Street. Rec. Doc. No. 46-2, at 5. Plaintiff contends further that, because the undistributed funds from the Program and any potential recovery from this lawsuit are community property, Plaintiff has the right to sue to enforce that right on behalf of himself and his wife Michelle Robinson. *Id.* at 6; La. Code Civ. Proc. Art. 686. However, that is an erroneous proposition.

---

[3] The residence at issue, 8417 Panola Street, was solely owned by Plaintiff's wife, Michelle Robinson, pursuant to a Judgment granting the Robinson's Petition to Terminate Legal Matrimonial Regime and enter into in a Separation of Property Agreement. See Rec. Doc. No. 39-3, Exhibit 3; Rec. Doc. No. 39-4, Exhibit 4; Rec. Doc. No. 40, at 7.

First, Plaintiff filed his Complaint alleging violations of *his* constitutional rights to equal protection, due process and substantive due process pursuant to 42 U.S.C. § 1983, discrimination in the making of contracts under 42 U.S.C. § 1981, and violations of HUD regulations prohibiting discrimination in federally funded programs. Rec. Doc. No. 21, at 3; Rec. Doc. No. 1; Rec. Doc. No. 40, at 2. Moreover, Plaintiff asserted his claim for relief from *his* constitutional injury.

Additionally, while it is ambiguous at best whether a legal matrimonial regime of community property existed between Plaintiff and his wife, even assuming that the funds at issue would be classified as community funds, Plaintiff is not the proper party to bring an action asserting the wrongful denial of such funds. Louisiana Code of Civil Procedure Article 686 provides:

> Either spouse is the proper plaintiff, during the existence of the marital community, to sue to enforce a community right; however, if one spouse is the <u>managing spouse</u> with respect to the community right sought to be enforced, then that spouse is the proper plaintiff to bring an action to enforce the right. La. Code Civ. Proc. Art. 686 (West 2011)(underlining added).

More succinctly, Article 686 states that either spouse is the proper plaintiff to sue to enforce community rights except where one spouse has the exclusive right of management, in which case "that spouse is the proper plaintiff to bring an action to enforce the right." Plaintiff's wife, Michelle Robinson, is the sole owner of the property and therefore, the Program funds at issue were to be

-13-

distributed exclusively to her. As stated, *supra*, Plaintiff was never entitled to receive funds from the Program because Plaintiff was not the owner of the property. As the sole owner of the home, and thereby the only person eligible to receive the funds at issue through the program, it would be illogical to allow Plaintiff to maintain an action for the wrongful denial of funds to which he was not eligible to receive in the first place. Accordingly, Michelle Robinson is the proper plaintiff to bring an action to enforce a right to Program funds, not Plaintiff. *See* La. Code Civ. Proc. Art. 686; see also *Banks v. Rattler*, 426 So. 2d 362, 365 (La. App. 2d Cir. 1983) (holding that the spouse who was the registered owner of the community vehicle was the managing spouse, and therefore, the proper plaintiff to bring the claim arising from damages to the car and that the non-managing spouse lacked the procedural capacity to sue).

To conclude, this Court finds no unmistakable complete disregard of the controlling law, and therefore, Plaintiff has not established a manifest error in law or fact.

**IT IS HEREBY ORDERED** that Plaintiff's Motion for New Trial is hereby **DENIED**.

New Orleans, Louisiana, this 30th day of August, 2011.

UNITED STATES DISTRICT JUDGE